IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TOPEKA DIVISION



FILED
OCT 27 2025
Clerk, U.S. District Court
By: N. Cups           Deputy Clerk

Anthony Thompson,

 Plaintiff,

v.                                                            Case No. 25-4069

Ryan Davis Kansas Highway Patrol #486

in his individual capacity,

Erik Smith Superintendent of Kansas highway

Patrol in his official and individual capacity,

 Defendants,

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Anthony Thompson on behalf of himself alleges as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief challenging the Kansas Highway Patrol's unofficial policy of using fabricated evidence specifically the odor of marijuana as a pretexual cause to justify searches and seizures in violation of the Plaintiff's constitutional rights, The action is brought against Defendant Erik Smith, Superintendent of Kansas Highway Patrol in both his individual and official capacities. In his official capacity Defendant is responsible for the policies, practices, and customs of the Kansas

Highway Patrol, including challenged practice of using fabricated evidence specifically the alleged odor of marijuana as a pretext for unconstitutional searches and seizures. In his individual capacity defendant is responsible for his failure to train, supervise, and discipline officers under his command, and for his deliberate indifference to the known or obvious consequences of these unconstitutional practices. His actions and omissions were the moving force behind the violations of Plaintiff's constitutional rights.

2. Erik Smith trained its officers to investigate routine pull-overs as a pretext to find evidence of drug activity. The KHP targets a certain class specifically registered drug offenders who travel Kansas Highways with this practice of creating fabricated probable cause through (odor of marijuana)

3. The Tenth Circuit has stated that even if an officer smells marijuana coming from the car that standing alone does not give officer probable cause to search the trunk.

4. As a regular innocent driver in the state of Kansas the plaintiff fears that absent an injunction, he will in the future be subject to the same unlawful detention and search based solely on the fabricated mention of the odor of marijuana and his status as a Kansas registered drug offender.

5. Through proper training, education, and discipline, Defendant Erik Smith as Superintendent of the KHP, has the ultimate statutory authority to oversee and direct the conduct of KHP Troopers and specifically to prevent future detentions of the plaintiff.

6. Trooper Ryan Smith violated named plaintiffs rights by detaining the plaintiff for a probable cause search based on a fabricated finding of marijuana odor outside the scope of the initial reason for the stop.

7. Named plaintiff brings this action against Superintendent Erik Smith in his official and individual capacity brings this action against Trooper Ryan Davis in his individual capacity.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution.

9. This Court has jurisdiction under 28 U.S.C. 1331 and 1343.

10. Venue is proper in this district under 28 U.S.C. 1391(b), as the events occurred in the District of Kansas, Topeka Division.

## I. PARTIES

11. Plaintiff Anthony Thompson is an adult resident of Topeka, Kansas.

12. Officer Ryan. Davis #486 is a Kansas Highway Patrol trooper, is named as a defendant in his individual.

13. Colonel Erik Smith, Superintendent of the Kansas Highway Patrol, is named as a defendant in his official and Individual capacity.

14. Defendant Erik Smith of Kansas Highway Patrol is a Kansas state agency responsible for supervising officers and enforcing traffic and criminal laws in the State of Kansas.

## II. STATEMENT OF FACTS

15. On July 25, 2023, Plaintiff personally drove his 2020 Chevy Malibu to Briggs Nissan dealership at 2500 Stagg Hill Rd in Manhattan, Kansas, and left the vehicle there for service overnight. Plaintiff does not smoke and had no marijuana burning or raw at any time in the car on any dates in question.

16. On July 26, 2023, Briggs notified Plaintiff that his car was ready to be picked up. Plaintiff went to Briggs with his wife to pick up his car. Plaintiff did not smell any odor of marijuana and has no reason to believe that any mechanic from Briggs Nissan possessed or smoked marijuana in my vehicle at any time between the service date of July 25-26, 2023. Plaintiff picked his

Malibu up from Briggs Nissan approximately afternoon and followed his wife to Dara's Fast Lane at 1132 Pillsburys Dr. in Manhattan Kansas for gas. This drive took approximately 8 minutes. After getting gas the Plaintiff left Dara's gas station for gas and then began driving home on K I77 towards I 70 east Topeka, exit. Plaintiff was following his wife's slower-moving vehicle.

17. Less than five minutes from leaving the gas station Trooper Ryan Davis #486. Trooper Davis pulled Plaintiff over, citing following too closely and dark window tint.

18. The Plaintiff cooperated fully. Trooper Davis explained that he pulled plaintiff over because plaintiff was following to close to the truck ahead of him. Plaintiff acknowledged that is very possible because he was following his wife and wondering why she was driving so slow. Trooper then asked plaintiff where was he headed to? Plaintiff responded that he was headed home to Topeka. Officer Davis indicated that he believed the tinted windows on the vehicle may be to dark. Plaintiff informed Trooper Davis he bought the car with the tint. Tropper Ryan conducted the window test and informed the plaintiff the vehicle was in violation of Kansas law. Trooper Davis requested the plaintiff's driver license, registration, and insurance and informed the plaintiff he would issue a warning. Plaintiff's Kansas drivers license identifies him a registered offender. Trooper Davis took the information to his car and at no point in this initial conversation did he mention the odor of marijuana or request the plaintiff to exit the vehicle to prevent possible destruction of evidence based on the odor of marijuana.

19. After running the identification check it is very probable that the plaintiff's status as a registered drug offender and criminal history was reported back to Trooper Davis, After approximately five to ten minutes Plaintiff witnessed another unknown Trooper pulled up behind Trooper Davis. At this point Plaintiff called his wife who had pulled over down the road to wait for his traffic stop to finish and informed her that another trooper had pulled up.

20. Plaintiff's wife pulled up shortly after the second Trooper pulled up.

21. Trooper Davis eventually came back to the plaintiff's vehicle with plaintiff driving information in his hand. Trooper Davis first question was "where did you say you say were coming from". Plaintiff replied that "I never told you where I was coming from I told you I was going home to Topeka". Plaintiff also informed Trooper Davis to stop playing these mind games and give me my ticket so I can leave". Next Trooper Davis with plaintiff drivers license, insurance and registration in his hand bent into the car and said he smells marijuana and asked plaintiff if he had any marijuana in the car? Plaintiff replied that Trooper Davis made that statement up because there is no marijuana anywhere in the car so it is impossible for him to smell the odor of marijuana". Trooper Davis said he does smell marijuana and because of that fact he is going to search the vehicle. Plaintiff responded "so let me get this clear you are telling me that you smell the odor of marijuana coming from my car and as a result regardless if I do not consent to your search you are going to search my vehicle anyway"? Trooper Davis state "Yes you are correct". Plaintiff next stated you understand that I do not give you permission to search my vehicle right? Trooper Davis stated correct but since I smell marijuana I do not need you permission under Kansas law. Plaintiff then exited the vehicle and allowed Trooper Davis to search.

22. Trooper Davis searched the entire inside of vehicle. After finding no evidence of any crimes Trooper Davis opened the trunk compartment and began searching the entire trunk. No marijuana or illegal substances were found.

23. The traffic stop lasted significantly longer than necessary for the traffic violations.

24. Plaintiff's criminal history and registered drug offender status was improperly used by Trooper Davis to fabricate the smell of marijuana as a means for extending the stop and escalating the situation to investigate and search for drugs in violation of Fourth and Fourteenth

Amendments of the United States Constitution.

***The KHP's Unofficial Policy of Fabricating The Odor Of Marijauna As A Reason To Search Motorist In Kansas Violated Plaintiffs Rights Under the Fourth and Fourteenth Amendments of The United States Constitution***

25. Erik Smith the Superintendent of the Kansas Highway Patrol was aware, or should have been aware, of the repeated constitutional violations by troopers, including the use of fabricated marijuana odor claims to justify unlawful stops and searches. Despite this knowledge, and recurring pattern of such violations, Defendant Smith failed to take meaningful steps to train, supervise, or discipline officers, demonstrating deliberate indifference to the constitutional rights of those subject to those practices. These failures allowed the unconstitutional conduct to continue, directly causing harm to the plaintiff. There have been to many documented instances of Kansas Highway Patrol Troopers use of fabricated marijuana odor as probable cause to search for narcotics and essential use the false claim to in order to search for any illegal activity. Knowingly fabricating probable cause is a clearly established law which in of itself violates citizens Fourth and Fourteenth Amendments under the United States Constitution.

**CLAIMS FOR RELIEF**

**\*\*COUNT I\*\*  *Unlawful Search and Seizure (Fourth Amendment  42 U.S.C. 1983)***

Plaintiff incorporates all prior paragraphs.

26. Officer Ryan Davis conducted a warrantless, non-consensual search without probable cause, violating Plaintiffs Fourth Amendment rights.

27. The search and extended stop caused humiliation, fear, and distress.

**\*\*COUNT II\*\*  *Unlawful Prolonged Detention (Fourth Amendment  42 U.S.C. 1983)***

28. Officer Davis unnecessarily prolonged the stop beyond its lawful scope without legal justification based on a fabricated claim odor of marijuana. 29. This delay constituted a further violation of Plaintiffs rights.

**COUNT III** *Failure to Train/Supervise (Monell Claim 42 U.S.C. 1983)*

30. Colonel Erik Smith, as the Superintendent of the Kansas Highway Patrol, is responsible for setting and enforcing officer training and policies.
31. The Kansas Highway Patrol failed to adequately train Officer Davis on lawful search and seizure practices, including proper traffic stop procedures.
32. This failure demonstrates deliberate indifference to the constitutional rights of the public.
33. As a direct result, Plaintiff was subjected to an unlawful search and seizure and extended detention. **III. DAMAGES**
34. Plaintiff suffered the following damages as a direct result of Defendants conduct:

- Emotional distress

- Loss of dignity

- Unlawful invasion of privacy

- Fear and humiliation

- Extended roadside detention

**IV. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

a. Declare that Defendants violated his constitutional rights; enter a judgment that the Defendant's policy, practice and or custom in fabricating marijuana odor violates the Fourth Amendment. Enjoin Defendant Davis from continuing the policy, practice, and custom of fabricating marijuana odor. Require Defendant Smith enact a training policy specifically on ensuring that KHP complies with all state and federal law when the smell the odor of marijuana and plan to use that solely as probable cause to conduct a search

b. Award compensatory damages ;

c. Award punitive damages against Officer Davis and Smith to deter future misconduct no less than $250,000;

d. Award legal costs, fees, and expenses (if applicable);

e. Grant all other just and proper relief the Court deems appropriate and equitable including injunctive and declaratory relief as may be required in the interest of justice.

## JURY TRIAL DEMAND

35   Named Plaintiff's demand a jury trial on all of the claims for which they have a right to trial by jury. Named plaintiff's designate Topeka, Kansas as place of trial.

Respectfully submitted,

Anthony Thompson

Topeka, Kansas

Pro Se Plaintiff