IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Anthony Thompson,

Plaintiff,

v.

Trooper Ryan Davis, in his individual capacity,

and

Superintendent Eric Smith, in his official and individual capacity,

Defendants.

Case No. 25-4069

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Anthony Thompson respectfully submits this Response in Opposition to Defendants' Motion to Dismiss.

I.     NATURE OF CASE

Plaintiff Anthony Thompson opposes Defendants' Motion to Dismiss. The Nature of the Case at the pleading stage is not burdensome.

This action arises from constitutional violations committed by Kansas Highway Patrol Superintendent Eric Smith and Trooper Davis during the unlawful stop, detention, and subsequent actions taken against the Plaintiff. The Defendants have each filed motions seeking dismissal based on various immunity doctrines. However, when the Court accepts the well-pleaded facts in the Complaint and the Plaintiff's sworn affidavit are accepted as true—as required at the Rule 12(b)(6) stage—and applies binding Tenth Circuit precedent, none of the Defendants' arguments have merit.

Superintendent Smith contends that the claims against him are barred by Eleventh Amendment immunity and that he is entitled to qualified immunity. These arguments overlook the fact that the Plaintiff seeks prospective injunctive and declaratory relief under Ex parte Young, which is expressly permitted against a state official in his official capacity, and also brings claims against Smith in his individual capacity, because he personally oversees and implements unconstitutional KHP policies and training, including authorizing or directing troopers to make pretextual "odor of marijuana" stops and searches where where qualified immunity does not apply.

Trooper Davis similarly asserts that the case should be dismissed because he is entitled to qualified immunity. However, the Complaint and Plaintiff's affidavit allege detailed facts which would show Trooper Davis violated clearly established constitutional rights under controlling Supreme Court and Tenth Circuit authority. At the pleading stage, these factual allegations must be accepted as true, and they are more than sufficient to defeat qualified immunity. Because the

defendants' motions rest on arguments that are inconsistent with binding precedent and the well-pleaded allegations in the Complaint, each motion should be denied in full.

## II. RELEVANT FACTS (As Alleged in the Complaint)

1. On July 25, 2023, Plaintiff left his Chevy Malibu overnight at Briggs dealership to be serviced.

2. At no time on July 25 or July 26, 2023 did Plaintiff have marijuana in any form—raw, burnt, or otherwise.

3. On July 26, 2023, after service was completed, Plaintiff picked up his vehicle from Briggs. At the time of pickup, no odor of marijuana was present inside the vehicle.

4. After leaving Briggs, Plaintiff drove directly to Dara's Gas Station, and shortly thereafter—within fifteen minutes—was stopped by Kansas Highway Patrol Trooper Ryan Davis.

5. During the initial stop, Trooper Davis conducted a routine traffic stop: he asked for Plaintiff's driver's license and proof of insurance, tested the tint level, and explained that the tint violated Kansas law.

6. Trooper Davis did NOT mention any odor of marijuana during the initial phase of the stop.

7. Trooper Davis then returned to his patrol vehicle and ran Plaintiff's name.

8. Only after running Plaintiff's information did Davis return to the vehicle and, for the first time, claim that he smelled the odor of marijuana.

9. Plaintiff explicitly objected to any search and did not consent.

10. Despite Plaintiff's objection, Davis claimed he had probable cause based solely on the alleged odor of marijuana.

11. Trooper Davis conducted a full, intrusive search of Plaintiff's vehicle—including the trunk, which was closed and required intentional opening.

12. No marijuana or marijuana-related items were found anywhere in the vehicle.

13. Plaintiff was eventually allowed to leave, having been unlawfully detained and searched without cause.

14. Plaintiff further alleges that Superintendent Eric Smith maintains statewide KHP practices—including reliance on unverified odor claims and the "Kansas Two-Step"—which were the moving force behind the constitutional violations he suffered.

## III. STANDARD OF REVIEW

A Rule 12(b)(6) motion must be denied where the complaint contains enough facts to state a claim that is plausible on its face.

- Twombly, 550 U.S. 544 (2007); Iqbal, 556 U.S. 662 (2009).
- Well-pleaded facts are accepted as true; inferences are drawn in favor of the plaintiff; credibility issues cannot be resolved. Tolan v. Cotton, 572 U.S. 650, 657 (2014); Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010).

## IV. ARGUMENT

### A. Official-Capacity Claim Against Superintendent Smith (Ex parte Young)

Plaintiff seeks prospective declaratory and injunctive relief in his amended complaint against Defendant Eric Smith in his official capacity as Superintendent of the Kansas Highway Patrol ("KHP") to remedy an ongoing and continuing pattern of Fourth Amendment violations resulting from Smith's actions and omissions in establishing, enforcing, and supervising KHP policies and training. See Doc. 29 (Amended Complaint). Defendant Smith is the final policymaker for the Kansas Highway Patrol with respect to officer training, supervision, and enforcement of constitutional standards governing traffic stops and vehicle searches. Id. As such, Smith is responsible for ensuring that KHP policies and training comply with clearly established state and federal law. Id. Despite this responsibility, Smith has maintained, enforced, or knowingly permitted a policy, practice, or custom allowing officers to rely on unsupported or fabricated claims of the odor of marijuana to justify extending traffic stops and conducting warrantless vehicle searches. Id.

The Tenth Circuit has clearly established that an officer may not extend a detention or expand the scope of a search once the factual basis for reasonable suspicion or probable cause has been dispelled. United States v. DeGasso, 369 F.3d 1139, 1144–45 (10th Cir. 2004); United States v. Edgerton, 438 F.3d 1043, 1051 (10th Cir. 2006). The court has further held that probable cause must be supported by objective, articulable facts and may not rest on conclusory, unverified, or fabricated assertions. United States v. Wald, 208 F.3d 902, 907–09 (10th Cir. 2000). With respect to alleged marijuana odor specifically, the Tenth Circuit has recognized that while odor may contribute to probable cause, it does not grant officers unlimited authority to search and does not justify continued or expanded searching once corroboration fails. See United States v. Nielsen, 9 F.3d 1487, 1489–91 (10th Cir. 1993); United States v. Parker, 72 F.3d 1444, 1450 (10th Cir. 1995). When an officer's investigation fails to uncover marijuana or any

corroborating evidence, continued detention or expanded searching violates the Fourth Amendment. Wald, 208 F.3d at 909.

Despite this clearly established law, Defendant Smith has failed to enact and enforce training and supervisory policies instructing KHP officers that the alleged odor of marijuana may not serve as continuing or sole probable cause once uncorroborated or contradicted by the officer's own investigation. This failure constitutes deliberate indifference to an obvious risk of constitutional violations and has predictably resulted in recurring unlawful searches. Because Defendant Smith is alleged in the amended complaint to continue to enforce and oversee these deficient policies and training practices, the constitutional violations are ongoing. Plaintiff therefore seeks prospective relief under Ex parte Young to compel Defendant Smith to bring KHP policies, training, and supervision into compliance with clearly established Fourth Amendment law. See Ex parte Young, 209 U.S. 123 (1908). The amended complaint easily defeats motion to dismiss standards based solely on the facts from the complaint combined with the following circuit precedent.

1. Ex parte Young Doctrine allows Superintendent Smith to be sued in his official capacity.
   - Eleventh Amendment does not bar suits against state officials for prospective injunctive relief. Ex parte Young, 209 U.S. 123, 159–60 (1908); ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1188–89 (10th Cir. 1998).
2. Application to Superintendent Smith
   - Plaintiff seeks an injunction against ongoing KHP training and policies that authorize unconstitutional stops. See Doc 29 at 7. (Prayer for Relief).

- o Complaint alleges ongoing violations, satisfying Ex parte Young. Hill v. Kemp, 478 F.3d 1236, 1255–56 (10th Cir. 2007). Id Doc 29.

3. Shaw v. Jones Confirms Relief is Proper

    - o Court granted injunctive and declaratory relief against KHP training and practices resulting in unconstitutional searches. 683 F. Supp. 3d 1205, 1253–61 (D. Kan. 2023).

4. No Sovereign Interest Bars Relief

    - o Relief is prospective and does not require payment from the State treasury.

**B. Qualified Immunity Does Not Bar Individual-Capacity Claims**

Trooper Davis cannot claim qualified immunity when the allegations, if true, show clear constitutional violations. Pierce, 359 F.3d at 1298; Brown v. Montoya, 662 F.3d 1152, 1162 (10th Cir. 2011). It is clearly established that:

Officers may not extend a traffic stop beyond its mission without reasonable suspicion. See United States v. Simpson, 609 F.3d 1140, 1146-47 (10th Cir. 2010). The facts of this case clearly show that during the officer's initial encounter with the plaintiff, no suspicion of drug activity was ever observed, stated, or suggested. See Doc. 28 (Affidavit of Facts). See Also Doc 29 (Amended Complaint). The officer addressed only minor traffic infractions—tinted windows and following too closely—and never mentioned any odor of marijuana or indicators of criminal drug activity in the initial encounter. Id. Because the stop was limited to routine traffic matters, the officer lacked any reasonable suspicion to extend or expand the encounter beyond its original purpose. Assuming the facts set forth in the plaintiff's amended complaint and affidavit are taken as true, the officer's stop was limited solely to minor traffic infractions—tinted windows and

following too closely—and at no time during the initial encounter did the officer articulate any suspicion of illegal drug activity. Id. Any later claim of an "odor of marijuana" was unsupported and effectively fabricated to justify prolonging the traffic stop or conducting a search. See Doc. 28 (affidavit showing plaintiff was only in car for around 15 minutes and with circumstances surrounding the case there is no way Trooper smelled marijuana). These facts run afoul of Supreme Court and Tenth Circuit precedent. See Under Rodriguez v. United States, 575 U.S. 348, 354 (2015), a traffic stop cannot be extended beyond its original purpose absent independent, articulable reasonable suspicion. The Tenth Circuit has reinforced this rule in United States v. Frazier, 30 F.4th 1165, 1173–74 (10th Cir. 2022) and United States v. Mayville, 955 F.3d 825, 830–31 (10th Cir. 2020), holding that officers cannot rely on fabricated or unsupported observations—such as an after-the-fact claim of drug odor—to justify prolonging a traffic stop or conducting a search. The Tenth Circuit has repeatedly rejected unverified or fabricated claims of marijuana odor as a basis to prolong or escalate a traffic stop. As the court warns, "the assertion of a drug odor is easy to make and difficult to challenge, so courts must carefully evaluate the circumstances surrounding such a claim.See United States v. Ludwig, 641 F.3d 1243, 1248 (10th Cir. 2011). The officer's alleged detection of odor must be credible when viewed against all surrounding facts. See United States v. Mendez, 118 F.3d 1426, 1432 (10th Cir. 1997). Moreover, "an officer violates the Fourth Amendment when he fabricates evidence and thereby causes a seizure that would not otherwise occur.See Pierce v. Gilchrist, 359 F.3d 1279, 1299 (10th Cir. 2004). The Tenth Circuit has further condemned the use of pretextual or unsupported drug indicators to justify detentions. See Vasquez v. Lewis, 834 F.3d 1132, 1138 (10th Cir. 2016). Together, these authorities make clear that a fabricated odor of marijuana cannot supply reasonable suspicion or probable cause.

**Search of Trunk Also Violated Clearly Established**

Accepting the allegations in the Amended Complaint and supporting affidavit as true, Defendant claimed to detect the odor of marijuana allegedly emanating from the passenger compartment of Plaintiff's vehicle. See Doc. 29 at 5. Based solely on that assertion, Defendant conducted a search of the interior of the vehicle. Id. That search yielded no marijuana, no drug paraphernalia, no residue, no packaging, and no evidence whatsoever of marijuana possession or use. Id. Despite the complete failure to corroborate the claimed odor, Defendant nonetheless escalated the search beyond the passenger compartment and proceeded to search the vehicle's trunk. At no point did Defendant articulate that the odor originated from the trunk, nor did Defendant identify any objective facts suggesting that contraband would be located there. Id.

Under longstanding and clearly established Tenth Circuit precedent, an officer may not rely on the unsubstantiated odor of burnt marijuana—particularly after a fruitless search of the passenger compartment—to justify a warrantless search of a vehicle's trunk. See United States v. Nielsen, 9 F.3d 1487, 1491 (10th Cir. 1993) (odor of burnt marijuana does not, by itself, establish probable cause to search the trunk); United States v. Wald, 216 F.3d 1222, 1226–27 (10th Cir. 2000) (holding that the odor of a burnt drug, even when combined with innocent factors, is insufficient to justify a trunk search absent corroboration).

The absence of any marijuana anywhere in the vehicle conclusively demonstrates that Defendant lacked probable cause to expand the search, and further supports the inference that the claimed odor was either mistaken or invoked as a post hoc justification for an exploratory search. The Fourth Amendment prohibits officers from escalating a search after their stated justification has been affirmatively disproven by their own investigation. At the time of the search, it was clearly established that officers may not conduct a trunk search based solely on an

uncorroborated claim of marijuana odor following a negative search of the passenger compartment. See United States v. Nielsen, 9 F.3d 1487 (10th Cir. 1993). Defendant's actions therefore violated Plaintiff's Fourth Amendment rights, and qualified immunity does not apply. Because Plaintiff alleges Davis lied about marijuana odor and conducted an unlawful search, qualified immunity is inappropriate at this stage.

### B. Plaintiff Has Adequately Alleged a Monell / Supervisory Liability Claim Against Superintendent Smith

Plaintiff alleges:

- KHP encourages troopers to rely on unverified odor claims. See Doc. 29.
- KHP uses tactics such as variations like the "Kansas Two-Step" to prolong detentions unlawfully. Id.
- Smith is responsible for training, supervision, and policies. Id.
- These policies were the "moving force" behind the violation. Id.

Defendant Eric Smith is sued in his individual capacity for his personal participation in, knowledge of, and deliberate indifference to ongoing Fourth Amendment violations committed by Kansas Highway Patrol ("KHP") officers as a result of policies, training decisions, and supervisory failures that Smith himself implemented, maintained, or knowingly allowed to continue. Under clearly established Tenth Circuit law, a supervisor may be held individually liable under § 1983 where the supervisor (1) promulgates, creates, implements, or maintains a policy or custom that causes a constitutional violation, or (2) knowingly fails to train or supervise subordinates in the face of an obvious risk of constitutional harm. See Dodds v. Richardson, 614

F.3d 1185, 1199–1201 (10th Cir. 2010); Schneider v. City of Grand Junction Police Dep't, 717 F.3d 760, 768–71 (10th Cir. 2013).

Smith is the Superintendent of KHP and is personally responsible for statewide training standards, supervisory protocols, and enforcement of constitutional limits on traffic stops and vehicle searches. Id Doc. 29. Despite this responsibility, Smith knowingly maintained deficient training and policies that permitted officers to rely on unsupported or fabricated claims of the odor of marijuana to extend traffic stops and conduct warrantless vehicle searches. Id.

At the time of the violations alleged, it was clearly established in the Tenth Circuit that officers may not extend a detention or expand the scope of a search once the asserted basis for probable cause has been dispelled. See United States v. DeGasso, 369 F.3d 1139, 1144–45 (10th Cir. 2004); United States v. Edgerton, 438 F.3d 1043, 1051 (10th Cir. 2006). It was further clearly established that probable cause must be supported by objective, articulable facts and may not rest on conclusory or fabricated assertions. See United States v. Wald, 208 F.3d 902, 907–09 (10th Cir. 2000). Smith nonetheless failed to train or discipline officers regarding the constitutional limits on searches premised on alleged marijuana odor, including the requirement that continued searching is unlawful once no marijuana or corroborating evidence is found. This failure occurred despite the obvious and predictable risk that officers would violate the Fourth Amendment absent such training. Under Tenth Circuit law, such failure constitutes deliberate indifference sufficient to impose individual supervisory liability. Dodds, 614 F.3d at 1201; Estate of Booker v. Gomez, 745 F.3d 405, 435–37 (10th Cir. 2014). Smith's deliberate indifference was the moving force behind the constitutional violation suffered by Plaintiff. The unlawful search was a foreseeable and direct result of Smith's failure to implement constitutionally adequate

training and supervisory controls, satisfying the causation requirement for individual-capacity liability. Id. Schneider, 717 F.3d at 770–71. Because the constitutional principles governing these searches were clearly established well before the events at issue, Defendant Smith is not entitled to qualified immunity. These allegations satisfy the pleading requirements for an individual capacity claim.

**D. Defendants' Arguments Rely on Disputed Facts That Cannot Be Resolved Now**

Defendants dispute whether Davis actually smelled marijuana and whether the search was lawful. See Defendants Motion to Dismiss at pg 6 (stating trooper Davis is entitled to qualify immunity due to Kansas law recognizing the odor of marijuana may provide probable cost to search a vehicle); But See Doc 29 (Amended Complaint)(stating plaintiff had only been in the car for 15 minutes because he just picked it up from overnight service from Briggs dealer. He did not smell any marijuana at no time. He never possessed marijuana any form and no marijuana was found anywhere in the vehicle)

But factual disputes cannot be resolved in a Rule 12(b)(6) motion.

Furthermore, it is not even disputed that trooper Davis found no evidence of marijuana in the passenger compartment of the vehicle, but decided to extend in prolonged the search by going into the trunk. This action by itself violence is clearly established president. See United States v. Wald, 208 F.3d 902, 907–09 (10th Cir. 2000). The Court must accept Plaintiff's allegations as true. Discovery—including body camera footage, dash cam video, CAD logs, and internal KHP policy documents—is required.

CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss should be DENIED in its entirety.

Respectfully submitted,

Anthony Thompson

Plaintiff, Pro Se