**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTHONY THOMPSON,

    **Plaintiff**,

    **v.**

RYAN DAVIS, et al.

    **Defendants.**

**Case No. 5:25-cv-04069-HLT-RES**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Anthony Thompson brings this § 1983 case pro se.[1] He sues Defendant Kansas Highway Patrol Trooper Ryan Davis (individual capacity) and Defendant Kansas Highway Patrol Superintendent Erik Smith (individual and official capacities) for violating his Fourth Amendment rights during a July 2023 traffic stop. Plaintiff alleges that Davis lied about smelling marijuana to justify a search of Plaintiff's vehicle and that Davis's conduct was consistent with a widespread practice among Kansas Highway Patrol troopers to fabricate evidence about detecting marijuana to justify a prolonged stop and vehicle search. Plaintiff alleges Smith was aware of the practice and has acquiesced to it by failing to train or discipline officers who engage in it. Plaintiff seeks compensatory damages (against both) as well as prospective declaratory and injunctive relief (against Smith only).

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). Doc. 31. The Court dismisses without prejudice the official capacity claim against Smith for want of subject-matter jurisdiction <u>except</u> the portion of the claim seeking prospective declaratory and injunctive relief.

---

[1]    Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court dismisses with prejudice the individual capacity claim against Smith based on qualified immunity. The Court finds Plaintiff's individual capacity claim against Davis for monetary damages survives the motion because Davis is not protected by qualified immunity on this record. The surviving claims are: a § 1983 claim for prospective declaratory and injunctive relief against Smith in his official capacity and a § 1983 claim for monetary damages against Davis in his individual capacity.

## I. BACKGROUND[2]

On July 26, 2023, Plaintiff was driving in Manhattan, Kansas. He was following his wife's vehicle. Davis initiated a traffic stop of Plaintiff's vehicle. Davis explained that he stopped Plaintiff for following too closely and for dark window tint. Plaintiff acknowledged that it was possible he was following too closely because he was following his wife. Davis asked where Plaintiff was headed, and Plaintiff responded that he was headed home to Topeka. Davis then said that he thought Plaintiff's window tint was too dark, and Plaintiff responded that he bought the vehicle with the tint. Davis then conducted the window test and told Plaintiff the vehicle was in violation of Kansas law. Davis asked for Plaintiff's license, registration, and insurance, and told Plaintiff he would issue a warning. Davis then returned to his vehicle with Plaintiff's items and did not mention the odor of marijuana.

Plaintiff's license identifies him as a "registered offender." Plaintiff also alleges that "[a]fter running the identification check it is very probable that [Plaintiff's] status as a registered drug offender and criminal history was reported back to [Davis]." Doc. 29 at 4. Five to ten minutes later, another trooper pulled up behind Davis.

---

[2] The following facts are taken from the well-pleaded allegations in the complaint and are accepted as true for purposes of evaluating the motion to dismiss.

Davis then returned to Plaintiff's vehicle with Plaintiff's information. Davis asked Plaintiff where he had said he had been driving from. Plaintiff said that he never told Davis where he was coming from and had only told Davis that he was headed home. Plaintiff asked for his ticket so he could leave. While still holding Plaintiff's information, Davis bent into Plaintiff's vehicle and said that he smelled marijuana and asked Plaintiff if he had marijuana in the vehicle. Plaintiff told Davis that Davis made up that statement because there was no marijuana anywhere in the vehicle so it would be impossible for Davis to smell it. Davis insisted he did smell it and told Plaintiff he was going to search for contraband. Plaintiff told Davis that Plaintiff did not consent to the search. Plaintiff then exited the vehicle. Davis searched the inside of the vehicle. He did not find evidence of any crime. Davis then opened the trunk and searched it. No marijuana was found.

Plaintiff alleges that Davis's conduct is part of a pattern of repeated constitutional violations by Kansas Highway Patrol troopers. Plaintiff alleges that troopers lie about smelling marijuana to prolong traffic stops and search vehicles. Plaintiff alleges that Smith knows (or should know) about this practice and has acquiesced to it. Plaintiff further alleges that Smith is responsible for setting and enforcing training and other policies but has failed to take meaningful steps to train, supervise, or discipline troopers for engaging in this practice. Plaintiff alleges § 1983 claims against Smith (individual and official capacities) and Davis (individual capacity). He seeks compensatory damages (against both) as well as prospective declaratory and injunctive relief (against Smith only).[3]

---

[3] Plaintiff asks the Court to enjoin Davis from "continuing the policy, practice, and custom of fabricating marijuana odor." Doc. 29 at 7. The Court construes this as merely a part of the prospective relief requested against Smith in his official capacity, rather than as a separate claim for prospective relief sought against Davis individually. Were the Court to construe Plaintiff's complaint as seeking prospective relief from Davis it would necessarily construe that claim as an official capacity one. *See, e.g.*, *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022). Moreover, it seems unlikely that Plaintiff would have standing to pursue such claim. For these reasons, the overall collection of claims would be the same.

## II.  ANALYSIS

Defendants move to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). Defendants argue that the Court lacks subject-matter jurisdiction over Plaintiff's official capacity claim and argue that Plaintiff fails to state a claim because qualified immunity shields Defendants from Plaintiff's individual capacity claims. The Court addresses each argument.

### A.  Subject-Matter Jurisdiction

Plaintiff asserts an official capacity claim against Smith. Defendants argue the Court lacks subject-matter jurisdiction over Plaintiff's official capacity claim based on Fed. R. Civ. P. 17(b) and the language of § 1983. Defendants alternatively argue the Eleventh Amendment bars subject-matter jurisdiction to the extent Plaintiff seeks monetary damages. The arguments and rationale overlap. The simplest path is to address the Rule 12(b)(1) arguments in reverse order. But the upshot is that the Court lacks subject-matter jurisdiction over Plaintiff's official capacity claim to the extent he seeks any form of relief (e.g., seeks monetary damages) beyond prospective declaratory and injunctive relief. This outcome is dictated by the Eleventh Amendment and the exceptions recognized by *Ex Parte Young*, 209 U.S. 123 (1908), and its progeny.

**Eleventh Amendment.** The Eleventh Amendment recognizes state sovereign immunity and forbids federal jurisdiction over "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has explained that this amendment bars federal jurisdiction over suits brought against a state it by its own citizens, *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890); *accord Hill v. Kemp*, 478 F.3d 1236, 1255 (10th Cir. 2007) (Gorsuch, J.), and over suits seeking monetary damages against individual state officials in their capacities as state

officials, *Hafer v. Melo*, 502 U.S. 21, 24-27 (1991) (explaining that official capacity claims are treated as suits against the state itself when money damages are involved).

But it is different when the suit seeks prospective injunctive relief. The teaching of *Ex Parte Young* and its progeny is that suits against state officials in their official capacities seeking prospective declaratory and injunctive relief are <u>not</u> regarded as suits against the entity of which the official is an agent and are <u>not</u> treated as suits against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). These claims therefore do <u>not</u> offend the Eleventh Amendment and can proceed in federal court. *Chilcoat*, 41 F.4th at 1213-14; *Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 910-11 (10th Cir. 2008) (citing *Hill*, 478 F.3d at 1255-56).

Defendants and Plaintiff seem to recognize this carveout. Plaintiff even states that his official capacity claim against Smith is a claim for prospective declaratory and injunctive relief. Specifically, he seeks a declaration that it violates the Fourth Amendment to instruct Kansas Highway Patrol troopers to lie about smelling marijuana to justify prolonging a stop and searching a vehicle and seeks an injunction against the practice. He also seeks an injunction against training troopers to engage in this conduct in the future. The claim fits comfortably within *Ex Parte Young*'s boundaries. In sum, the Eleventh Amendment bars Plaintiff's official capacity claim against Smith in his official capacity <u>except</u> to the extent he seeks prospective declaratory and injunctive relief. The Court dismisses without prejudice any claim against Smith in his official capacity except to the extent prospective declaratory and injunctive relief is sought.

**"Person" Under § 1983.** Defendants next make a broader argument and contend the Court lacks jurisdiction over <u>any</u> claim against Smith in his official capacity (including one for prospective declaratory and injunctive relief) because he isn't a "person" within the meaning of

§ 1983.[4] This simply is not true because of *Ex Parte Young*. When a plaintiff seeks prospective relief against a state official in his official capacity, a state official <u>is</u> considered a person for purposes of § 1983 and <u>can be</u> sued under the statute. *Will*, 491 U.S. at 71 & n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983."); *accord Frank v. Lee*, 84 F.4th 1119, 1131 (10th Cir. 2023). And here, there's little question that this is the sort of relief Plaintiff seeks (at least in part) from Smith in his official capacity. Smith is considered a "person" under §1983 for that sort of claim. The Court therefore rejects Defendants' argument to the extent Plaintiff seeks prospective declaratory and injunctive relief against Smith in his official capacity. The Court dismisses without prejudice any claim against Smith in his official capacity that seeks another form of relief.

**Rule 17.** The same reasoning applies to Defendants' final argument. Defendants insist that Plaintiff's official capacity claims against Smith (regardless of relief sought) must be treated as one against the Kansas Highway Patrol and must be dismissed because it is a subordinate state agency that lacks the capacity to sue or to be sued under Kansas law and Federal Rule 17.[5] Again,

---

[4]    Whether an official in his official capacity is a "person" within the meaning of § 1983 would seem to go to the merits of the claim rather than the Court's ability to hear it (i.e., its jurisdiction). It also seems (based on this Court's read of *Will v. Michigan Department of State Police*) that the <u>reason</u> a state (or an official capacity claim against a state official) is not a "person" within the meaning of § 1983 is that it enjoys Eleventh Amendment immunity for certain claims. 491 U.S. 58, 70 (1989). As the Supreme Court reasoned there:

> [P]rior to *Monell* the Court had reasoned that if municipalities were not persons then surely States also were not persons. And *Monell . . .* undercut[ ] that logic. But it does not follow that if municipalities are persons then so are States. States are protected by the Eleventh Amendment while municipalities are not and we consequently limited our holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes.

*Id.* at 491 U.S. at 70 (internal quotation and citations omitted). In any event, this argument fails regardless of whether it goes to jurisdiction or the merits for claims seeking relief other than prospective injunctive relief.

[5]    As with Defendants' § 1983 "person" argument, it's not clear whether this issue actually implicates the Court's subject-matter jurisdiction. Some courts, for instance, treat arguments that a defendant lacks the capacity to be sued as a challenge to their personal jurisdiction. Others treat such arguments as raising an affirmative defense. For their part Defendants merely assume that a lack of capacity to be sued would deprive the Court of subject-matter jurisdiction. Because the Court has already concluded that it lacks jurisdiction over any aspect of Plaintiff's

because of *Ex Parte Young*, it's simply not true that Plaintiff's official capacity claim against Smith for prospective declaratory and injunctive relief must be treated as one against the Kansas Highway Patrol.[6] Smith can be sued in this capacity for this form of relief. Thus, the Court rejects the argument that Smith lacks the capacity to be sued in his official capacity for prospective declaratory and injunctive relief.

In sum, Plaintiff's claim for prospective declaratory and injunctive relief against Smith in his official capacity survives. But the Court dismisses without prejudice for want of jurisdiction Plaintiff's official capacity claim against Smith to the extent it seeks any other form of relief.

### B. Failure to State a Claim

Plaintiff asserts individual capacity claims against Davis and Smith and seeks monetary relief. Plaintiff alleges Davis lied about smelling marijuana and used that lie as a justification to prolong the stop and search Plaintiff's vehicle. Plaintiff also alleges that Davis was acting pursuant to an official policy of Smith's. Plaintiff alleges Smith instructed his troopers to lie about smelling marijuana to justify prolonging stops and searching vehicles. Defendants assert qualified immunity and seek dismissal under Rule 12(b)(6).[7]

---

official capacity claim that seeks relief beyond prospective injunctive relief, and because the Court ultimately concludes that Defendants' § 1983-person argument fails to the extent it's levelled at Plaintiff's official capacity claim to the extent it seeks prospective relief, the Court does not need to determine whether the argument concerns the Court's subject-matter jurisdiction.

[6] This is part of *Ex Parte Young*'s "fiction." Official capacity claims for prospective relief seek an official solution to ongoing violations of federal law. These claims seek to enjoin state officials from doing their jobs, but at the same time are apparently distinct from suits against the state itself.

[7] A complaint survives as 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

Qualified immunity is a powerful defense. For public servants like police officers, the defense insulates "all but the plainly incompetent or those who knowingly violate the law" from suit. *Lewis v. Tripp*, 604 F.3d 1221, 1225 (10th Cir. 2010) (Gorsuch, J.) (internal quotation and citations omitted). Once qualified immunity is raised, it becomes the plaintiff's burden to show both (1) the defendant violated his rights under the Constitution or a federal statute and (2) the rights at-issue were "clearly established" when they were allegedly violated. *Id.* A court has discretion to address these two aspects of the analysis in any order it chooses. *See Rowell v. Bd. of Cnty. Comm'rs of Muskogee Cnty., Okla.*, 978 F.3d 1165, 1171 (10th Cir. 2020).

**Davis.** Davis is not entitled to qualified immunity on this record. Plaintiff has plausibly alleged constitutional violations. He contends that Davis initiated a traffic stop, learned about his criminal history, lied about smelling marijuana, and then violated the Fourth Amendment by prolonging the stop and then searching his vehicle (including his trunk when he came up empty-handed after searching the passenger compartment).

Specifically, Plaintiff alleges that he "does not smoke" and did not have any burnt or raw marijuana in the vehicle on July 25 or 26. Doc. 29 at 3. Plaintiff alleges that he had just retrieved his vehicle from Briggs Nissan and has no reason to believe any mechanic from that business possessed or smoked marijuana in his vehicle. He further alleges that Davis did not mention any odor during the initial encounter but stated he smelled marijuana when he reapproached. By this time, Davis had seen Plaintiff's license (which shows he is a registered offender) and criminal background (which shows he is a registered drug offender). Davis prolonged the stop without reasonable suspicion, searched the passenger compartment without probable cause, and (having found nothing) continued the stop to search the trunk. In sum, Plaintiff has plausibly alleged that Davis lacked the requisite reasonable suspicion to prolong the traffic stop and that he lacked

probable cause to conduct a warrantless search of the vehicle under the Fourth Amendment's automobile exception.

Plaintiff has also shown that the alleged constitutional violations were clearly established at the time. *Heard v. Dulayev*, 29 F.4th 1195, 1203 (10th Cir. 2022) (explaining that a right is clearly established when it is "sufficiently clear that every reasonable officer would have understood that what he is doing violates that right"). The unlawfulness of the alleged conduct in this case is clearly established. It is beyond debate that, without any other justification, either the absence of reasonable suspicion to prolong a traffic stop or of probable cause to support a warrantless search of a vehicle under the Fourth Amendment's automobile exception violates the Fourth Amendment.

On reasonable suspicion to prolong the stop:

> It is well-established that, during a routine traffic stop, an officer may request a driver's license and registration, run requisite computer checks, and issue citations or warnings. An officer may also inquire about the driver's travel plans, and ask about matters unrelated to the stop. Generally, an officer may also request consent to search a driver's luggage.
>
> However, a lawful traffic stop may not extend beyond the time reasonably required to effectuate its purpose. Continued detention is lawful only if the encounter becomes consensual or if, during the initial lawful traffic stop, the officer develops a reasonable suspicion that the detained person is engaged in criminal activity.

*United States v. Pettit*, 785 F.3d 1374, 1379-80 (10th Cir. 2015) (internal quotation and citation omitted). Reasonable suspicion means that an officer has a "particularized and objective basis for suspecting criminal conduct under a totality of the circumstances." *Id.* (internal quotation and citation omitted). Here, Plaintiff alleges that Davis's only justification for prolonging the stop was the smell of marijuana emanating from Plaintiff's vehicle. Plaintiff further alleges Davis did not smell marijuana and offers well pleaded allegations that render this allegation plausible. Accepting

these factual allegations as true (as it must on a motion to dismiss), the Court finds that Davis is not entitled to qualified immunity at this juncture.

On probable cause to search the vehicle, it is well-established that a "warrantless search of an automobile is reasonable," and therefore does not run afoul of the Fourth Amendment, "if there is probable cause to believe it contains contraband." *United States v. Ludwig*, 10 F.3d 1523, 1528 (10th Cir. 1993). Probable cause exists if there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 1257 (internal quotation and citation omitted). And the Tenth Circuit "has long recognized that marijuana has a distinct smell and that the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Zabalza*, 346 F.3d 1255, 1259 (10th Cir. 2003) (internal quotation and citations omitted). But whether an officer has probable cause to search based on the odor of marijuana can depend on whether the odor he detects is raw marijuana or burnt marijuana. The Tenth Circuit has explained that "although the smell of burnt marijuana emanating from a vehicle provides probable cause to search the passenger compartment of that vehicle, if that search fails to uncover corroborating evidence of contraband, probable cause to search the trunk of the vehicle does not exist." *United States v. Wald*, 216 F.3d 1222, 1226 (10th Cir. 2000).

Here, it is unclear whether Davis reported smelling burnt or raw marijuana. But Plaintiff plausibly alleges that Davis searched the passenger compartment of his vehicle and, having found nothing, then searched his trunk. Davis did not locate marijuana. Plaintiff alleges that Davis reported the odor of marijuana to justify the search but that he fabricated that justification and did not actually smell marijuana. Again, crediting the truth of these allegations, Plaintiff sufficiently alleges that Davis violated a clearly established right. Namely, Davis's search of his vehicle for marijuana without probable cause violated his Fourth Amendment rights. The Court finds that

Davis is not entitled to qualified immunity on this record. Discovery may reveal facts that alter this analysis. *E.g., United States v. George*, 2010 WL 431783, at *8 (E.D. Mo. 2010) (concluding probable cause to search the defendant's vehicle existed based on credible testimony that officers had smelled marijuana even though their search failed to turn up any marijuana or marijuana paraphernalia, because the drug's odor "can linger" and could have been detected "for a significant period of time" after having been smoked). But Davis is not entitled to qualified immunity on this record. Plaintiff's § 1983 claim against Davis in his individual capacity for monetary damages (the sole claim against him) survives the motion.

**Smith.** Conversely, the Court finds that qualified immunity shields Smith. The Court begins with the observation that claims under § 1983 that seek relief for violations of one's constitutional rights require "more specificity" in pleading because "any constitutional violation must be traceable to a defendant's <u>own</u> actions." *Jarett v. City of Garnett, Kan.*, 2024 WL 4363244, at *3 (D. Kan. 2024) (emphasis added) (internal quotation and citations omitted). Yes, supervisory liability is available when a defendant's subordinates are involved in the violation, but it is not enough to simply allege "that the defendant was in charge of a person who committed the alleged constitutional violation." *Id.* Rather,

> [a] plaintiff must first establish that the supervisor's subordinates violated the plaintiff's federal rights. And the plaintiff must also allege an affirmative link between the supervisor's conduct and the violation. A plaintiff may demonstrate such a connection by establishing that: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.

*Id.* (internal quotation and citation omitted).

Here, Plaintiff does not allege that Smith was present at the stop. Instead, the source of Smith's individual liability comes from his role as Davis's supervisor. This means that Plaintiff

must allege enough <u>non-conclusory</u> facts that, taken as true, would <u>plausibly</u> demonstrate that Smith was responsible for a practice among Kansas Highway Patrol troopers that caused Davis to lie about smelling marijuana to justify prolonging the stop and searching Plaintiff's vehicle. Plaintiff has not cleared this bar. To be sure, Plaintiff's operative complaint does contain <u>some allegations</u> that Smith knew about officers lying about smelling marijuana to search vehicles during traffic stops. And Plaintiff does allege that Smith was responsible for training, supervising, and disciplining officers he knew were engaged in this practice. But these allegations are wholly conclusory. There are no additional factual allegations from which one could reasonably infer that Smith was, in fact, aware of a pervasive practice among Kansas Highway Patrol troopers to lie about smelling marijuana to justify prolonging stops and searching vehicles (e.g., other cases where the practice has occurred). The bare, conclusory allegations in Plaintiff's complaint do not permit the conclusion that Smith's conduct as Davis's supervisor plausibly violated his federal rights. Plaintiff does not satisfy the first prong of qualified immunity, and Smith is therefore protected by the defense. The Court dismisses with prejudice Plaintiff's claim against Smith in his individual capacity.

## III.    CONCLUSION

For the above reasons, the Court grants in part and denies in part Defendants' motion. The surviving claims are: a § 1983 claim for prospective declaratory and injunctive relief against Smith in his official capacity and a § 1983 claim for monetary damages against Davis in his individual capacity.

THE COURT THEREFORE ORDERS that Defendants' motion (Doc. 31) is GRANTED IN PART and DENIED IN PART. The Court dismisses without prejudice the claim against Smith in his official capacity <u>except</u> the portion seeking prospective declaratory and injunctive relief. The

Court dismisses with prejudice the claim against Smith in his individual capacity. The Court denies

the motion to the extent it seeks dismissal of the claim against Davis in his individual capacity.

IT IS SO ORDERED.

Dated: June 1, 2026                    /s/ *Holly L. Teeter*
                                        HOLLY L. TEETER
                                        UNITED STATES DISTRICT JUDGE